The Supreme Court granted certiorari in this case (350 U. S. 818) and also in the case of Commissioner of Internal Revenue, Petitioner, v. Southwest Exploration Co., 220 F. 2d 58, on appeal from the United States Court of Appeals for the Ninth Circuit. Operating from land owned by the Huntington Beach Company, Southwest Exploration engaged in whipstock drilling to develop certain oil deposits off the coast of California. Southwest agreed to pay Huntington Beach 24 K% of the net profits for the use of the land. Both parties claimed the statutory depletion allowance of 27K% on this share of the profits. The Supreme Court, on February 27, 1956, in an opinion by Mr. Justice Clark, held that Huntington Beach was entitled to the depletion allowance. The Court of. Claims was affirmed and the judgment as to Southwest Exploration Company was reversed. The syllabus of the Supreme Court opinion is as follows:
A drilling company contracted to develop certain oil deposits lying off the coast of California by slant drilling from sites located on the property of adjacent upland owners. State law permitted such offshore oil to be extracted only by drilling from upland drill sites or filled lands, and no filled lands were available. The drilling company agreed to pay the upland owners 24%% of the net profits for the use of their land. Held: Under the Internal Revenue Code of 1939, the upland *904 owners, not the drilling company, were entitled to take the statutory depletion allowance on this share of the profits.
(a) The right to depletion is determined by whether or not the taxpayer has an economic interest, i. e., an interest in the oil in place and income derived solely from production.
(b) Since the uplands were essential to any production from the offshore oil deposits, agreement of the upland owners to let their land be used for drilling in return for a share of the net profits gave them the requisite economic interest.
(c) Their income was dependent entirely on production, and the value of their interest decreased with each barrel of oil produced.
(d) Where, as here, a party essential to the drilling for and extraction of oil has made an indispensable contribution of the use of real property adjacent to the oil deposits in return for a share in the net profits from the production of oil, that party has an economic interest which entitles him to depletion on the income thus received.